IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SOUTHTRUST BANK,                } | |
| }                                  | |
|     Plaintiff,             }      | |
| }                                  | CIVIL ACTION NO. |
| v.                         }      | |
| }                                  | CV-01-AR-1420-S |
| DENNIS A. BAKAL,           }      | |
| }                                  | |
|     Defendant.             }      | |

ENTERED
JUL 26 2001

**MEMORANDUM OPINION**

Before the court is a motion to dismiss or, in the alternative, to transfer the above-entitled case to the United States District Court for the Northern District of Georgia. The motion was filed by defendant, Dennis A. Bakal ("Bakal"). It has been briefed and orally argued. Bakal is challenging the long-arm jurisdiction of this court. He invokes Rule 12(b)(2), F.R.Civ.P.

The pertinent facts are few and simple. Bakal is alleged to be the guarantor of certain written obligations to plaintiff, SouthTrust Bank ("SouthTrust"). Prior to the execution of the instrument of guaranty, Bakal, on behalf of the corporate borrower, negotiated for the loan in <u>Georgia</u> with officials of SouthTrust located in <u>Georgia</u>. He never dealt with any employee of SouthTrust in <u>Alabama</u>, and he never engaged in correspondence or telephone conversations with SouthTrust personnel in <u>Alabama</u> prior to the execution of the loan documents. Nothing in the documents indicated that SouthTrust's principal place of business was located in <u>Alabama</u>, much less that Bakal was submitting to jurisdiction in



an <u>Alabama</u> forum in the event of a dispute. The papers were executed in the Northern District of <u>Georgia</u>, and the obligations imposed upon the signatories to the papers are governed by the law of <u>Georgia</u>. It was not until after the borrower defaulted that representatives of SouthTrust's office in <u>Alabama</u> made themselves known to Bakal as guarantor. In attempting to work something out with SouthTrust, Bakal, at SouthTrust's invitation, crossed the <u>Georgia-Alabama</u> state line. After the settlement negotiations were unsuccessful, this suit was filed by SouthTrust in an <u>Alabama</u> court.

SouthTrust's argument is necessarily based on the principle that Alabama's long-arm statute is as long as is constitutionally permissible. The court does not quarrel with this principle, and, in fact, has applied it many times, but this court does not believe that the Due Process Clause allows a finding of requisite "minimum contacts" with the forum state when the only contact by Bakal with <u>Alabama</u> occurred <u>after the alleged cause of action arose</u>. This is carrying the long-arm concept an arm's length too far.

Although the court could simply grant Bakal's motion to dismiss and dismiss the action without prejudice, the better option is to grant Bakal's alternative motion to transfer to a court which admittedly has *in personam* jurisdiction over the parties. The court will do so by separate order.

DONE this 26th day of July, 2001.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE